IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Jackie Rakowska | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| National Recoveries, Inc.<br>14735 Highway 65 NE<br>Ham Lake, MN 55304 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Jackie Rakowska, brings this action to secure redress from unlawful collection practices engaged in by Defendant, National Recoveries, Inc... Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA makes clear that within five days of any initial communication, a debt collector clearly state who the current creditor of the Debtor is. 15 U.S.C. Section 1692g

3. The FDCPA strictly prohibits any false or misleading representation concerning the debt and the consequences of non-payment of the debt.

## APPLICABLE CASE LAW

4. In *Janetos vs. Fulton Friedman & Gullace, LLP* (No. 15-01859), (7th Cir., 2016), the Seventh Circuit Court of Appeals stated if a dunning letter fails to disclose the required language in 15 U.S.C. Section 1692g(a), it violates the FDCPA.

5. Said case stated "[T]o satisfy Section 1692g(a), the debt collector's

notice must state the required information 'clearly enough that the receipient is likely to understand it.'" *Id.*

6. If an initial dunning letter fails to disclose the required information clearly, it violates the FDCPA, without further proof of confusion. *Id.*

7. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

8. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

9. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services,LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

10. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

11. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker v. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

12. Recently, the Seventh Circuit Court of Appeals stated that the "safe harbor" language given in *Miller v. McCalla, Raymer Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) is not a defense to situations that can not legally come to pass. Recently, the Seventh Circuit Court of Appeals weighed into the statement in paragraph 24 that it is not a protection to use this language when an outcome is

being suggested that is impossible to come to pass. *Boucher v. Fin. Sys. Of Green Bay, Inc.*, No. 17-2308, (7th Cir., 2018)

## JURISDICTION AND VENUE

13. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
14. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

15. Plaintiff, Jackie Rakowska (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
16. Plaintiff is a resident of the State of Illinois
17. Defendant, National Recoveries, Inc.. ("Defendant"), is a Minnesota business entity with an address of 14735 Highway 65 NE, Ham Lake, MN 55304 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
18. Unless otherwise stated herein, the term "Defendant" shall refer to National Recoveries, Inc.
19. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

20. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $43,468.85 (the "Debt") to an original creditor (the "Creditor")
21. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
22. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
23. On April 5, 2017, Defendant sent an initial communication to Plaintiff.

See Exhibit A.

24. The letter states in the opening "[T]his notice, regarding your defaulted loan student loan or grant overpayment held by the U.S. Department of Education is from National Recovery, Inc." See Exhibit A.
25. A reading of the statement in paragraph 24 does not make clear if the loan is being currently held or formerly held by the U.S. Department of Education. See Exhibit A.
26. There is absolutely nothing in said letter that explains the relationship between Defendant the U.S. Department of Education. See Exhibit A.
27. Furthermore, the bottom of the letter in question states: "[A]s of the date of this letter, you owe $43,468.85. because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount due, an adjustment may be necessary after we received your payment, in which event, we will inform you before depositing the payment for collection." See Exhibit A.
28. In fact, "late fees" and "other charges" are consequences that will not legally come to pass.

## STANDING AND INJURY

29. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
30. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
31. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting

to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696,

32. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
33. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
35. The Defendant's conduct violated 15 U.S.C. Section 1692g(a) by not stating clearly who the creditor was on this matter.
36. The Defendant's conduct violated 15 U.S.C. Section 1692e by implying outcomes that could not come to pass.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff